Christopher W. Sweeney (Bar No. 143217)
LAW OFFICES OF CHRISTOPHER W. SWEENEY
1300 Oliver Road, Suite 300
Fairfield, CA  94534
Telephone: (707) 435-1244
Facsimile: (707) 435-1245
cwslaw@comcast.net

Attorneys for Plaintiff
KEEZIO GROUP LLC,
a California limited liability company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KEEZIO GROUP, LLC, a California limited liability company<br><br>Plaintiff,<br><br>v.<br><br>REGALO INTERNATIONAL, LLC, a Minnesota limited liability company<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, VIOLATION OF THE LANHAM ACT (*15 U.S.C 1125(a)*), AND VIOLATION OF UNFAIR COMPETITION LAW (*CAL. BUS. & PROF. CODE § 17200 ET***<br><br>**DEMAND FOR JURY TRIAL** |

*Law Offices of Christopher W. Sweeney*
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

- 1 -

**Complaint; Case No.:**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

COMES NOW Plaintiff KEEZIO GROUP LLC, a California limited liability company (hereinafter "Plaintiff" or "KEEZIO"), bringing this action against Defendant REGALO INTERNATIONAL, LLC (hereinafter "Defendant" or "REGALO"), alleging as follows:

## PARTIES

1.      Plaintiff, KEEZIO GROUP LLC., is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California, with its principal place of business located within the State of California, County of Contra Costa, City of Alamo.  KEEZIO is a company engaged in the business of the design, manufacture, marketing, distribution, and sale of children's products throughout the United States, including the State of California, County of Contra Costa.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant REGALO INTERNATIONAL, LLC is and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business in Longboat Key, Florida, doing business in the State of California and in this District by, among other things, marketing, distributing and selling children's products throughout the United States, the State of California and this District.

## JURISDICTION

3.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because KEEZIO's claim arises under the Patent Laws of the United States, specifically, 35 U.S.C. §§ 271, 281, 282, 284, 285, and 289.  This Court also has original subject matter jurisdiction over this action because KEEZIO's claim arises under the Federal Trademark Act of 1946, as amended, 15 U.S.C. §§ 1124-1125 ("the Lanham Act"). The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant REGALO because Defendant (a) markets, distributes and sells its products throughout the United States, including to customers within this District through Amazon and through prominent retailers,

- 2 -

1   including Target and Walmart stores, located within this District, (b) has engaged in the

2   wrongful conduct herein alleged, directed to harm residents of this District, including Plaintiff,

3   (c) has purposefully directed its activities to the State of California, and (d) has purposefully

4   availed itself of the privilege of conducting business activities within the State of California,

5   thus invoking the benefits and protections of its laws.  Venue is proper in this District under 28

6   U.S.C. Section 1391(b)(2) because, inter alia, a substantial part of the events giving rise to the

7   claims occurred in this District, and because Defendant is subject to personal jurisdiction in

8   this District.

9   ## DIVISIONAL ASSIGNMENT

10      5.      Assignment to this division is proper pursuant to Local Rule 3-2 (c) and (e)

11  because this action arises in the County of Contra Costa as a substantial part of the events

12  giving rise to the claims occurred in the County of Contra Costa and throughout this District.

13  ## FACTUAL BACKGROUND

14      6.      KEEZIO markets, distributes, and sells its line of products, most notably, its

15  "hiccapop" line of children's products throughout the United States, including the San

16  Francisco Bay Area, primarily on the Amazon online retail sales platform.  Amazon is an

17  online retail outlet that sells consumer products, computing services and digital content,

18  among other products and services.  KEEZIO markets its brands as "Amazon-Exclusive"

19  brands because its core management team has a long and valued relationship with Amazon

20  spanning 20 years.  KEEZIO strategically utilizes the Amazon platform as the primary sales

21  outlet for its products due to the simplicity and ease of use of the platform for its customers.

22  One product in KEEZIO's hiccapop line is an inflatable toddler travel bed with safety bumpers

23  [4-sided], known as the "Hiccapop Inflatable Toddler Travel Bed" ("Toddler Travel Bed"),

24  which was designed and manufactured over a multiple-year process and successfully released

25  on the Amazon platform in 2017, with hundreds of thousands of units sold to date.

26      7.      On July 2, 2019, U.S. Design Patent No. D852,543 (hereinafter "the '543

27  Patent") entitled "INFLATABLE MATTRESS WITH BUMPER" was duly and legally issued

28  

- 3 -

**Complaint; Case No.:**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

by the U.S. Patent and Trademark Office which describes and is associated with the Toddler Travel Bed.  Plaintiff KEEZIO is the assignee and present owner of all right, title, and interest in and to the '543 Patent and is lawfully entitled to bring claims for past and present infringement of same, including the right to recover damages therefor. A true and correct copy of the '543 Patent is attached to this Complaint as **Exhibit A** and is incorporated herein by this reference.

8.      On information and belief, Defendant REGALO markets a line of children's products, including infant beds and mattresses, on the Amazon platform and through prominent retailers, including Target and Walmart stores, throughout California and within this District.  One product in Defendant's line marketed and sold on Amazon and through these retail outlets includes the "Regalo Inflatable Toddler Travel Bed With 4-Sided Bed Bumpers And Handles" (hereinafter the "Regalo Mattress"), which contains numerous significant similarities that embody patented ornamental features and designs of the '543 Patent, or a colorable imitation thereof, such that the ordinary observer would accidentally mistake Defendant REGALO's brand for Plaintiff's brand because of the similar designs.  On January 5, 2024, at KEEZIO's specific request, KEEZIO's patent counsel issued an opinion definitively concluding that, in light of the very significant similarities between the Regalo Mattress and the invention of the '543 Patent, which describes and is associated with the Toddler Travel Bed, the Regalo Mattress infringes the '543 Patent (hereinafter "the Infringement Opinion"). A true and correct copy of the Infringement Opinion is attached to this Complaint as **Exhibit B** and is incorporated herein by this reference.

9.      After receiving the Infringement Opinion, KEEZIO immediately filed a complaint with Amazon alleging that the Regalo Mattress infringed the '543 Patent, with specific reference to, and for the reasons stated in the Infringement Opinion.  As a result of KEEZIO's infringement complaint, Amazon removed the product from the Amazon online retail sales platform, and provided notice to Defendant REGALO of KEEZIO's claim that the Regalo Mattress infringed the '543 Patent.  On January 8, 2023, Defendant REGALO's

- 4 -

**Complaint; Case No.:**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

1   president, Mark Flannery, sent an email to KEEZIO (hereinafter "the January 8 Email")

2   expressly acknowledging that REGALO had received a notice from Amazon concerning the

3   Regalo Mattress, and specifically referencing KEEZIO's infringement complaint based on the

4   '543 Patent.  The January 8 Email further acknowledged that REGALO had already "sold

5   2,987 pcs." of the Regalo Mattress and that it had "another 3,200 pcs on the water."  Finally,

6   the January 8 Email proposed that REGALO would "agree to stop selling the product after we

7   have disposed of the remaining 3,200 pieces which are currently in transit."  A true and correct

8   copy of the January 8 Email is attached to this Complaint as **Exhibit C** and is incorporated

9   herein by this reference.

10      10.    Despite its knowledge of (i) the '543 Patent on or prior to January 8, 2024, and

11   (ii) Plaintiff's infringement complaint to Amazon, on information and belief, Defendant

12   REGALO, without authorization or license from Plaintiff, has continued after January 8, 2024,

13   to knowingly and willfully infringe the '543 Patent by marketing for sale, and selling the

14   Regalo Mattress, and/or by encouraging or instructing its customers, retailers, and/or

15   distributors to continue to market for sale, and sell, the Regalo Mattress in this Judicial District

16   and throughout the United States.

17

18                  **COUNT I: INFRINGEMENT OF THE '543 PATENT**

19      11.    Plaintiff realleges and incorporates paragraphs 1 through 10, inclusive, as

20   though fully set forth herein.

21      12.    U.S. Design Patent No. D852,543 was duly and legally issued by the U.S. Patent

22   and Trademark Office on July 2, 2019, which describes the ornamental features of, and is

23   associated with the Toddler Travel Bed.

24      13.    Plaintiff owns all substantial rights, interest, and title in and to the '543 Patent,

25   including the sole and exclusive right to prosecute this action and enforce the '543 Patent

26   against infringers, and to collect damages for all relevant times herein mentioned.

27      14.    The '543 Patent relates to and contains novel ornamental features of an

28                                                          - 5 -

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

inflatable mattress with bumper for children.

15.    Defendant REGALO, without authorization or license from Plaintiff, has been and is presently directly infringing, literally or under the doctrine of equivalents, the '543 Patent pursuant to 35 U.S.C. § 271(a), including through making, using, selling, offering to sell, and importing in the United States and in this Judicial District the Regalo Mattress.

16.    Defendant REGALO, without authorization or license from Plaintiff, has been and is presently, further directly infringing, literally or under the doctrine of equivalents, the '543 Patent pursuant to 35 U.S.C. § 289, by (1) applying the patented design of the '543 Patent, or a colorable imitation thereof, to the Regalo Mattress for the purpose of sale, and (2) by selling or exposing for sale the Regalo Mattress to which the patented design of the '543 Patent, or a colorable imitation thereof, has been applied, in the United States and in this Judicial District.

17.    Support for the allegations of infringement may be found in the analysis and exemplary tables included in the Infringement Opinion attached to this Complaint as **Exhibit B**.  These allegations of infringement are preliminary and are therefore subject to change.

18.    Defendant REGALO has and continues to induce infringement by actively encouraging and instructing others (e.g., its customers, retailers, and/or distributors) to promote, market for sale, and sell the Regalo Mattress with depictions of its ornamental features in such a manner as to cause infringement of the '543 Patent, literally or under the doctrine of equivalents, and is thus liable for inducement of the '543 Patent pursuant to 35 U.S.C. § 271(b).  Moreover, Defendant REGALO has known of the '543 Patent from at least January 8, 2024.[1]  For clarity, direct infringement is previously alleged in this Complaint.

19.    Defendant REGALO has and continues to contributorily infringe by actively encouraging and instructing others (e.g., its customers, retailers, and/or distributors) to promote, market for sale, and sell the Regalo Mattress with depictions of its ornamental features in such a manner as to cause infringement of the '543 Patent, literally or under the

---

[1] Plaintiff reserves the right to amend this Complaint if discovery reveals an earlier date of knowledge.

**Complaint; Case No.:**

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

doctrine of equivalents, and is thus liable for contributory infringement of the '543 Patent

pursuant to 35 U.S.C. § 271(c). Moreover, Defendant REGALO has known of the '543 Patent

from at least January 8, 2024.[2]  For clarity, direct infringement is previously alleged in this

Complaint.

20.     Plaintiff alleges that Defendant REGALO's infringement of the '543 Patent as

herein alleged has been and continues to be deliberate and willful and egregious, and,

therefore, this is an exceptional case warranting an award of enhanced damages for up to three

times the actual damages awarded and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§

284-285.  As set forth above, Defendant has had knowledge of the '543 Patent, or was at least

willfully blind to its infringement thereof, and yet has deliberately continued to infringe in a

wanton, malicious, and egregious manner, with reckless disregard for Plaintiff's patent rights.

Thus, Defendant's infringing actions have been and continue to be consciously wrongful.

21.     Defendant REGALO's actions have caused, and will continue to cause Plaintiff

damage by direct and indirect infringement of (including inducing infringement) the '543

Patent as herein alleged.

**COUNT II: VIOLATION OF THE LANHAM ACT – 15 U.S.C. § 1125(a)**

22.     Plaintiff realleges and incorporates paragraphs 1 through 10, inclusive, as

though fully set forth herein.

23.     As hereinabove alleged, in connection with the marketing, advertising,

promotion and sale of the Regalo Mattress, Defendant REGALO has knowingly disseminated

and/or caused others to disseminate into interstate commerce, false and misleading statements

concerning Plaintiff and its products, including Plaintiff's Toddler Travel Bed, that are likely

to cause confusion, mistake, or deception of consumers as to the affiliation, connection, or

association of Defendant REGALO, or its products, including the Regalo Mattress, with

Plaintiff, or its products, including the Toddler Travel Bed.  Unless immediately enjoined by

---

[2] Plaintiff reserves the right to amend this Complaint if discovery reveals an earlier date of knowledge.

**Complaint; Case No.:**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

this Court, Defendant's malicious and unlawful conduct will continue to confuse, mislead, and deceive as to the nature, characteristics, and qualities of Plaintiff's products, including the Toddler Travel Bed, and will continue to cause injury to Plaintiff's brand, business reputation and pecuniary interests.

24.     As a direct and proximate result of Defendant's unlawful acts and practices as herein alleged, Defendant's conduct has caused, and unless immediately enjoined by this Court will continue to cause, irreparable harm to Plaintiff's business, reputation, and goodwill for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief.  Additionally, Defendant's unlawful acts and practices described herein are, and unless enjoined by this Court will continue to be in violation of § 43(a) of the Lanham Act.

25.     As a direct and proximate result of Defendant's unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof.

26.     Further, by virtue of Defendant's purposeful and knowing violation of § 43(a) of the Lanham Act (25 U.S.C. § 1125(a)), and in addition to the recovery of Plaintiff's damages and the injunctive relief requested herein, Plaintiff is entitled to recovery of Defendant's profits, costs of this action, reasonable attorneys' fees, as well as all other monetary amounts, including treble damages, as specified in 15 U.S.C. § 1117(a).

**COUNT III: UNFAIR COMPETITION**

27.     Plaintiff realleges and incorporates paragraphs 1 through 10, inclusive, as though fully set forth herein.

28.     By engaging in the wrongful acts hereinabove alleged, to wit, knowingly disseminating and/or causing others to disseminate into interstate commerce, false and misleading statements concerning Plaintiff and its products, including Plaintiff's Toddler Travel Bed, that are likely to cause confusion, mistake, or deception of consumers as to the affiliation, connection, or association of Defendant REGALO, or its products, with Plaintiff,

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

- 8 -

**Complaint; Case No.:**

1  Defendant REGALO has engaged in unlawful, fraudulent, and/or unfair business practices in

2  violation of California Business and Professions Code section 17200 et seq., designed to

3  deprive Plaintiff of the economic benefits of its established business relationships with

4  Amazon and with its customers, and which gives Defendant REGALO a competitive

5  advantage in the retail sale of its products, including the Regalo Mattress.

6      29.    As a direct and proximate result of Defendant's unlawful conduct herein alleged,

7  Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a

8  total amount presently unknown and to be determined at trial according to proof.

9      30.    Pursuant to California Business and Professions Code section 17203, Plaintiff is

10  entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair

11  competition, as well as disgorgement of all of Defendant's profits associated with this

12  unlawful competition.

13                    **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff prays that judgment be entered in its favor as follows:

15      1.    For a judgment that Defendant REGALO has infringed the '543 Patent;

16      2.    For a preliminary and permanent injunction against Defendant REGALO, and

17  its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity

18  with them from infringing the '543 Patent and for all further and proper injunctive relief

19  pursuant to 35 U.S.C. § 283;

20      3.    For a judgment awarding Plaintiff such damages in an amount sufficient to

21  compensate it for Defendant's infringement of the '543 Patent, but in an amount no less than a

22  reasonable royalty or lost profits, together with pre-judgment and post-judgment interest at the

23  maximum rate permitted by law, and costs under 35 U.S.C. § 284;

24      4.    For a judgment awarding Plaintiff an accounting for acts of infringement not

25  presented at trial and an award by the Court of supplemental damages for any such acts of

26  infringement;

27      //

28                        - 9 -

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

**Complaint; Case No.:**

1    5.    For a judgment declaring this case to be "exceptional" under 35 U.S.C. § 285,

2  and awarding Plaintiff its costs, disbursements, expert witness fees, and attorneys' fees

3  incurred in this action, with interest;

4    6.    For a judgment declaring that Defendant REGALO's infringement to be willful,

5  wanton, deliberate, and egregious, and that the damages awarded to Plaintiff be treble the

6  amount of actual damages awarded to Plaintiff;

7    7.    For a judgment awarding Plaintiff damages in an amount equal to Defendant

8  REGALO's total profit from sales of the Regalo Mattress, but not less than $250 pursuant to

9  pursuant to 35 U.S.C. § 289;

10    8.    For a judgment finding that Defendant REGALO has violated § 43(a) of the

11  Lanham Act (25 U.S.C. § 1125(a));

12    9.    For preliminary and permanent injunctive relief ordering Defendant REGALO

13  to cease its unlawful acts and practices in violation of § 43(a) of the Lanham Act (25 U.S.C. §

14  1125(a));

15    10.    For a judgement ordering the disgorgement of Defendant REGALO's profits,

16  costs of this action, reasonable attorneys' fees, and all other monetary amounts, including

17  treble damages, specified in 15 U.S.C. § 1117(a) due to Defendant's purposeful and knowing

18  violation of § 43(a) of the Lanham Act (25 U.S.C. § 1125(a));

19    11.    For a judgment awarding Plaintiff its actual damages against Defendant

20  REGALO in an amount presently unknown to Plaintiff to be established at trial according to

21  proof for Defendant's violation of the Lanham Act;

22    12.    For a judgment finding that Defendant REGALO has violated California's

23  unfair competition law (*Cal. Bus. & Prof. Code § 17200 et seq.*).

24    13.    For preliminary and permanent injunctive relief ordering Defendant REGALO

25  to cease said unfair competition, as well as disgorgement of all of Defendant's profits

26  associated with this unlawful competition;

27    //

28                                                              - 10 -

**Complaint; Case No.:**

Law Offices of Christopher W. Sweeney
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244   Fax: (707) 435-1245

14.     For a judgement compelling Defendant REGALO to provide an accounting of any profits improperly made as a result of their unlawful conduct as herein alleged, and imposing a constructive trust on any such profits in favor of Plaintiff, as well as compelling Defendant REGALO to disgorge all profits accrued as a result of its unlawful conduct as herein alleged in an amount to be determined at trial according to proof;

15.     For a judicial declaration as to the parties' rights and obligations relative to the conflicting claims asserted in this action;

16.     For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5;

17.     For such other and further relief as the Court may deem just and proper.

Dated:  January 17, 2024

LAW OFFICES
OF CHRISTOPHER W. SWEENEY

*/s/ Christopher W. Sweeney*
By: _____
       Christopher W. Sweeney
       Attorney for Plaintiff
       KEEZIO GROUP LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the Local Rules of the United States District Court for the Northern District of California, Plaintiff KEEZIO GROUP LLC demands a trial by jury of this action.

Dated: January 17, 2024

LAW OFFICES OF
CHRISTOPHER W. SWEENEY

*/s/ Christopher W. Sweeney*
By: _____
       Christopher W. Sweeney
       Attorney for Plaintiff
       KEEZIO GROUP LLC

Complaint; Case No.:

**Law Offices of Christopher W. Sweeney**
1300 Oliver Road, Suite 300, Fairfield, CA 94534
Phone: (707) 435-1244  Fax: (707) 435-1245

# Exhibit A

US00D852543S

(12) **United States Design Patent** (10) Patent No.: **US D852,543 S**

Clute (45) Date of Patent: ** **Jul. 2, 2019**

(54) **INFLATABLE MATTRESS WITH BUMPER**

(71) Applicant: **Lorne Jason Clute**, Alamo, CA (US)

(72) Inventor: **Lorne Jason Clute**, Alamo, CA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/685,495**

(22) Filed: **Mar. 28, 2019**

(51) **LOC (11) Cl.** ............................................... **06-06**

(52) **U.S. Cl.**
USPC ........................................................ **D6/604**

(58) **Field of Classification Search**
USPC ........ D6/333, 349, 355, 375, 388, 512, 563,
D6/564, 595, 596, 601, 604, 611, 707,
D6/715, 716, 716.1; D24/183–185, 234;
D21/803, 804, 805, 809; 5/401, 420,
5/600, 630, 631, 632, 633, 635, 636, 638,
5/639, 646, 652, 652.1, 655, 703, 730;
297/401, 420, 600, 630, 631, 632, 633,
297/635, 636, 638, 639, 646, 652, 652.1,
297/655, 703, 730
CPC ...... A47G 9/10; A47G 9/1009; A47G 9/1027;
A47G 9/1045; A47G 9/1063; A47G
9/1072; A47G 9/00; A47G 9/02; A47G
9/0207; A47G 9/0215; A47G 9/0223;
A47G 9/023; A47G 9/0238; A47G
9/0246; A47G 9/0253; A47G 9/0261;
A47G 2009/001; A47G 2009/002; A47G
2009/003; A47G 2009/005; A47G
2009/006; A47G 9/06; A47G 9/062;
A47G 9/066; A47G 9/068; A47G 9/08;
A47G 9/0284; A47G 9/0292; A47G 9/04
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

1,944,466 A * 1/1934 Rubin ................... A47C 27/081
5/708
D108,622 S * 3/1938 Johnson ........................... D6/604

2,508,304 A 5/1950 Sturtevant
2,549,597 A * 4/1951 Harris .................. A47C 27/081
5/711
2,717,399 A * 9/1955 Backhouse .......... A47C 15/006
359/895

(Continued)

OTHER PUBLICATIONS

Emma+Ollie Inflatable Toddler Bed, reviewed Mar. 8, 2019, [online], [site visited Apr. 28, 2019]. Available from Internet, https://www.amazon.com/Emma-Ollie-Inflatable-Toddler-Rails/dp/B07GBK8WT8/ref=cm_cr_arp_d_product_top?ie=UTF8 (Year: 2019).*

*Primary Examiner* — Michelle E. Wilson
*Assistant Examiner* — Sanjeev Paul
(74) *Attorney, Agent, or Firm* — Daniel C. Pierron;
Widerman Malek PL

(57) **CLAIM**

The ornamental design for an inflatable mattress with bumper, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of an inflatable mattress with bumper according to the present invention.
FIG. **2** is a front view of the inflatable mattress with bumper illustrated in FIG. **1**.
FIG. **3** is a rear view of the inflatable mattress with bumper illustrated in FIG. **1**.
FIG. **4** is a right-side view of the inflatable mattress with bumper illustrated in FIG. **1**.
FIG. **5** is a left-side view of the inflatable mattress with bumper illustrated in FIG. **1**.
FIG. **6** is a top view of the inflatable mattress with bumper illustrated in FIG. **1**; and,
FIG. **7** is a bottom view of the inflatable mattress with bumper illustrated in FIG. **1**.
The broken lines depict environment elements of inflatable mattress with bumper that form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**



# US D852,543 S

Page 2

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D247,060 | S | 1/1978 | Park |
| 4,159,551 | A | 7/1979 | Iwai |
| D279,668 | S * | 7/1985 | Larsson .................... D12/316 |
| 4,775,346 | A * | 10/1988 | Gunter ................ A63B 67/007 |
| | | | 114/293 |
| D300,841 | S | 4/1989 | Minurri |
| D301,322 | S | 5/1989 | Lee |
| D308,403 | S * | 6/1990 | LaForce, Jr. ............. D12/316 |
| 4,942,839 | A | 7/1990 | Chuan |
| 4,964,183 | A * | 10/1990 | LaForce, Jr. ............ A47C 1/14 |
| | | | 4/538 |
| D316,354 | S * | 4/1991 | Bool ....................... D6/601 |
| D318,454 | S | 7/1991 | Wannop |
| 5,152,243 | A | 10/1992 | Kuan |
| D343,980 | S | 2/1994 | Torchia |
| D357,589 | S * | 4/1995 | Langhammer .................. 5/945 |
| D357,595 | S * | 4/1995 | Roschacher .................. 5/706 |
| D366,303 | S | 1/1996 | Polley |
| 5,535,463 | A | 7/1996 | Chiu |
| 5,604,945 | A * | 2/1997 | Fisher ................ A47C 27/081 |
| | | | 441/129 |
| D393,683 | S | 4/1998 | Song |
| D416,428 | S * | 11/1999 | Jackson ..................... 5/644 |
| D418,712 | S * | 1/2000 | Grabsch .................... D6/595 |
| D419,495 | S * | 1/2000 | Muhanna .................... 5/706 |
| 6,042,186 | A * | 3/2000 | Kojic ................. A47C 4/54 |
| | | | 297/452.41 |
| D435,824 | S | 1/2001 | Peterson |
| D436,073 | S | 1/2001 | Peterson |
| D437,283 | S | 2/2001 | Peterson |
| 6,224,444 | B1 * | 5/2001 | Klimenko ............... A47C 4/54 |
| | | | 297/452.41 |
| 6,604,252 | B1 * | 8/2003 | Lee ................. A61G 7/0525 |
| | | | 5/713 |
| D481,437 | S | 10/2003 | Peterson |
| D485,593 | S | 1/2004 | Muci |
| D486,877 | S * | 2/2004 | Peterson .................. D21/809 |
| D487,373 | S * | 3/2004 | Ku ....................... D6/604 |
| D492,380 | S * | 6/2004 | Zheng .................... D21/803 |
| D505,653 | S | 5/2005 | Watling |
| D506,239 | S | 6/2005 | Peterson |
| D507,445 | S * | 7/2005 | Song ..................... D6/596 |
| D509,696 | S * | 9/2005 | Torres .................... D6/604 |
| D509,697 | S * | 9/2005 | Torres .................... D6/604 |
| D509,698 | S * | 9/2005 | Torres .................... D6/604 |
| D513,915 | S * | 1/2006 | Jacklin ................... D21/809 |
| D514,860 | S | 2/2006 | Torres |
| D525,804 | S | 8/2006 | Schwartz |
| D544,061 | S * | 6/2007 | Kuchler ................... D21/803 |
| D556,284 | S | 11/2007 | Peterson |
| D571,429 | S | 6/2008 | Roberts |
| D584,911 | S | 1/2009 | Hisey |
| D594,807 | S | 6/2009 | Smith |
| D612,655 | S | 3/2010 | Holmstedt |
| D706,373 | S | 6/2014 | Cirjack |
| D718,400 | S | 11/2014 | Swift |
| 9,073,611 | B2 | 7/2015 | Berenson |
| D747,117 | S * | 1/2016 | Lau ...................... D6/393 |
| D752,500 | S | 3/2016 | Woods |
| 9,517,817 | B1 * | 12/2016 | Scheidler ............. A47C 27/081 |
| D779,008 | S | 2/2017 | Osimo |
| D779,609 | S | 2/2017 | Osimo |
| D795,159 | S | 8/2017 | Sorensen |
| 9,737,153 | B2 | 8/2017 | Chaffee |
| D802,074 | S * | 11/2017 | Osimo .................... D21/803 |
| D815,461 | S * | 4/2018 | Christmas ................. D6/605 |
| D816,179 | S * | 4/2018 | de Grasse ................. D21/803 |
| D816,580 | S | 5/2018 | Tingey |
| D823,966 | S | 7/2018 | Berenson |
| D825,702 | S | 8/2018 | Glick |
| D839,982 | S | 2/2019 | Berenson |
| 2003/0028971 | A1 | 2/2003 | Chaffee |
| 2003/0028972 | A1 * | 2/2003 | Michaelis ............. A47C 27/10 |
| | | | 5/710 |
| 2005/0081299 | A1 * | 4/2005 | Torres ................ A47C 27/081 |
| | | | 5/710 |
| 2005/0099054 | A1 * | 5/2005 | McCarthy ............. A47C 15/006 |
| | | | 297/452.41 |
| 2006/0010606 | A1 * | 1/2006 | Harris ................ A47C 19/022 |
| | | | 5/706 |
| 2007/0006385 | A1 * | 1/2007 | Davis ................. A61G 7/1026 |
| | | | 5/710 |
| 2008/0104762 | A1 * | 5/2008 | Davis ................. A61G 7/1021 |
| | | | 5/621 |
| 2010/0299837 | A1 * | 12/2010 | Yandle .................... A61G 1/013 |
| | | | 5/627 |
| 2011/0083280 | A1 * | 4/2011 | Davis ................. A61G 7/1011 |
| | | | 5/712 |
| 2014/0026972 | A1 * | 1/2014 | Stevens ................ A01K 1/0157 |
| | | | 137/12 |
| 2014/0053339 | A1 | 2/2014 | Chaffee |
| 2017/0053568 | A1 * | 2/2017 | Aires .................... F16B 1/00 |
| 2017/0333270 | A1 * | 11/2017 | Peng .................... A61G 7/001 |
| 2017/0367489 | A1 * | 12/2017 | Marson ................ A47C 27/10 |

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4

FIG. 5

U.S. Patent          Jul. 2, 2019          Sheet 4 of 5          US D852,543 S



FIG. 6



FIG. 7

# Exhibit B

# WIDERMAN MALEK
## ATTORNEYS AT LAW

PLEASE REPLY TO:
Melbourne Office
1990 W. New Haven Ave.
Second Floor
Melbourne, FL 32904
321.255.2332

January 5, 2024

**Sent Via Email Only to: Jasonclute1@gmail.com**

Keezio Group, LLC
Mr. Lorne Jason Clute
2375 Roundhill Drive
Alamo, CA 94507

Re:   **Infringement Analysis of Regalio Inflatable Air Mattress ASIN B0CJ9X5M4N**
Patent No.:   D852,543
Our File No.: 3454.00012

Dear Mr. Clute:

Per your request, we have evaluated the Regalio Inflatable Air Mattress (ASIN B0CJ9X5M4N) (hereinafter "Regalio mattress") for which you provided pictures for infringement of U.S. Design Patent No. D852,543 (hereinafter "the '543 patent"). As will be described below, it is our opinion that the Regalio mattress infringes the '543 patent.

## Infringement Analysis

Design patents protect the ornamental features of an invention, as opposed to the functional features of that invention. Design patent infringement occurs when the ornamental features of that invention are present in a product produced by someone other than the owner or assignee of the design patent. To claim infringement, the owner must satisfy the "ordinary observer" test, which requires that an ordinary person would not be able to tell the difference between the invention shown in the design paten and the accused product's design in a side-to-side comparison.

In the present case, there are very significant similarities between the Regalio mattress and the invention of the '543 patent. The below views of each demonstrate these similarities:



Keezio Group, LLC
Mr. Lorne Jason Clute
January 5, 2024
Page 2 of 4

_____



'543 patent FIG. 1



Regalio mattress perspective



'543 patent FIG. 6



Regalio mattress top view

The many similarities between the invention of the '543 patent and the Regalio mattress include the following:





- Rectangular shape with rounded corners;
- Proportions of length and width;
- Arcuate pillow members extending upwards from an upper surface at the two ends of the mattress;
- Arcuate bumper members extending upwards from the upper surface on the sides of the mattress;
- Slight bulging of bumper members over the middle portion of the mattress;
- Elongated raised support sections that are substantially flat along their length and are positioned in a vertically recessed central portion of the mattress

Indeed, viewed from the top, the two are nearly identical. One difference is the absence of a handle from the Regalio mattress, where such a handle is included in the '543 patent. As the handle is primarily functional, only the ornamentality of the handle would be considered. Since the handle included in the '543 patent has extremely limited ornamentation, its exclusion from the Regalio mattress yields an only minimally divergent overall impression as compared to the '543 patent.

A second difference between the '543 patent and the Regalio mattress is the shape of the lower portion, as can be seen below:





'543 patent FIG. 7          Regalio mattress bottom view





Keezio Group, LLC
Mr. Lorne Jason Clute
January 5, 2024
Page 4 of 4
_____

 While the invention of the '543 patent depicts a flat central portion of the bottom of the mattress, the bottom of the Regalio mattress has elongated support sections akin to those on the top of the mattress. However, as an ordinary observer would not see this difference when the Regalio mattress is in common use, with the bottom of the mattress being pointed to the ground and obscured by the raised sides of the mattress such that it is not observable by an ordinary observer, this diminishes the significance of this difference. Accordingly, although this difference does weigh against a finding of infringement, it is my opinion that the overall visual design similarities between the '543 patent and the Regalio mattress, particularly as the products will be experience by an ordinary observer in use, favor a finding of infringement.

### Conclusion

 In light of the above, it is our opinion the Regalio mattress you have identified to us infringes the '543 patent. As always, please feel free to contact us regarding any question or comment you may have on any aspect of this matter.


 Sincerely,

 **WIDERMAN MALEK, PL**

 Daniel C. Pierron
 DPierron@USLegalTeam.com

DCP:omc





MELBOURNE, FL   |   ORLANDO, FL

# Exhibit C

**cwslaw@comcast.net**

| | |
|---|---|
| **From:** | jasonclute1@gmail.com |
| **Sent:** | Monday, January 8, 2024 3:15 PM |
| **To:** | 'Chris Sweeney' |
| **Subject:** | FW: Jason Clute - Patent # D852543S1 |

**From:** Mark Flannery <markf@regalo-baby.com>
**Sent:** Monday, January 8, 2024 11:37 AM
**To:** jasonclute1@gmail.com
**Subject:** Jason Clute - Patent # D852543S1

Hi Jason,

This is Mark Flannery from Regalo.  I hope all is well on your end.  This morning Regalo received a notice from Amazon concerning an Inflatable Toddler Bed that we produce.  Amazon sighted a complaint that you had filed with them based on your US Design Patent No. D 852,543 S1.

By way of background, we had been developing this product since 2018. However, due to COVID and the subsequent supply chain crisis, we never produced or sold this product until late 2023.  As a matter of protocol, we do conduct patent searches as we develop new products.  In this case, we see that your patent issued in February of 2019.  Therefore, it appears that the patent did not exist at the time we were developing the product and going thru our procedures.  By the time we actually did start shipping the product late 2023 we were unaware of your patent.

To date we have only sold 2,987 pcs.  We do have another 3,200 pcs on the water at this time.  In an effort to resolve this matter, we would be willing to agree to stop selling the product after we have disposed of the remaining 3,200 pieces which are currently in transit.

I look forward to your reply and would welcome any discussions concerning this issue.

Thank you,

Mark Flannery



**Mark Flannery** / President

**Regalo International, LLC**
Office: 952.698.9656 / Fax: 952.435.1088
http://regalo-baby.com/